saying, here's what happened, but instead somebody saying, I heard that somebody else heard that the juror had this happen. If you'll allow me to answer, Your Honor, here's the predicament we had. Because Mr. Morales withdrew from the case, I did not know who the employer was, and he would not communicate with me. Mr. Irizarry would not communicate with us. So could we have gotten the employer's affidavit to say that? Absolutely. But we were prohibited from doing that. But that might mean you lose under 60B. It doesn't necessarily mean that 60B has to accommodate the fact that you weren't able to acquire the information that would meet the threshold. I think 60B needs to be a malleable cloud, a malleable standard, specific to the circumstances of each case. I can sit here and debate hypotheticals with you until the cows come home, and some of them may sound ridiculous, but the fundamental constitutional needs in this case need to be addressed. And we don't have what one would consider multiple, multiple hearsay, nor do I argue... You do have multiple, multiple hearsay. But is hearsay really the standard? No, I didn't say. You just said you didn't have multiple, multiple hearsay. You have exactly multiple, multiple hearsay. The point is that I think district court judges should be able to consider, because hearsay, under the rules, is to prove the truth of the matter. We are not trying to prove the truth of the matter of what the jurors said. We're trying to find that if there's misconduct. So, even though the court characterized this as hearsay, they were wrong. This is not hearsay. And that's why I submit to this court that when we as officers of the court become aware of circumstances like this, we have our hands tied. We can't touch the juror. We can't communicate. We ask the judge to conduct a brief hearing, and he denies our request, based on what I consider to be an abuse of discretion. I did reserve some time, and my time is up. Should I continue, or? No, not unless you want to use your other time. I'd rather reserve my time, if I may, Your Honor. Mr. Martinez, good morning. Is this morning? Yeah, it's still morning. May it please the court and counsel, My name is Luis Martinez, and I'm here on behalf of the two defendants of L.A.'s Caribbean Aviation Maintenance and Tardis Insurance Company of Puerto Rico. Respectfully, there's no doubt that Judge Healthy rendered a well-reasoned opinion based upon the record and the information that was provided to him. Clearly, what the plaintiffs in this case are doing is seeking to access to a very extensive and intrusive inquiry in an effort to attack a jury verdict that was rendered after a 28-day trial. The circumstances in this case basically show that the plaintiffs did not come and meet the standards that are required. That is, some evidence, some threshold evidence in order to go forward. We believe that the assertion of Rule 47D as an impediment here is a red herring. And we say that because with regard to Rule 47D, the judge not only acknowledged that, Judge Healthy acknowledged it, but the rule itself doesn't prevent jurors from coming forward and addressing and telling the court about an impropriety. In fact, during the course of the trial, and this was part of the lower court situation, and the plaintiffs abandoned that on this appeal, juror number four came forward and said, look, I take your instructions so seriously that I want to point out to you that there's somebody out there sitting next to the plaintiff that I know. And there's no reason, and following that, and we included that in the brief, following that, the judge instructed the jury. He said, this is why we called, we had a separate hearing with jury number four. I want to advise you that if anything similar or untowards affecting the instructions that I gave you surfaces, you're to come to me. So, therefore, there's no reason that if these jurors had access to something that was, that they shouldn't have had, they more likely than not would have come to the court. Moreover, with regard to rule, with regard to rule 47 and the hearing that the counsel is seeking, rule of evidence 606B also limits what a juror may ask. And we, may be asked, that is. And we already know what that situation is, even assuming that that were true. But that information, in our view, knowing about settlement discussions, is not, I would respectfully say, does not rise to the level of egregiousness and prejudice to the plaintiff. In fact, a case upon which plaintiffs heavily rely, the Orseth versus the City of Dayton, that case considered a similar circumstance. And that court found. How does, I'm somewhat surprised that you're taking that back. You seem to be, you seem to be taking a kind of almost a harmless error approach to this, in the sense that even if these reports are true about what jurors heard and how it played out in the jury room, it's really not that big a deal. I'm frankly astonished by that argument. I beg your pardon. That is, our position is, I'm referring to the Urseth decision. In the holding of Urseth, the court found that neither party was prejudiced by knowledge of that settlement. And that's part of the holding. And also, the court found four conceivable, conceivable prejudices of knowing about settlement. And that court found all those four inured to the detriment of the defendant. In fact, one of them says that the defendant, the jury could infer from knowledge of the settlement that the defendant feels or may have felt that they had responsibility. And that's what we're saying. I'm merely pointing out that the very case on which the plaintiffs rely did not hold what I believe and I understand the plaintiffs to be arguing. That judge himself recognized that the detriment, more likely than not, is to the defendant. Well, the argument here, as I understand it, is that the jurors knew there was a settlement. They knew the amount. And in light of the rejection of that settlement, they chose to rule in favor of the defendant. The suggestion is that they had a good settlement offer. If they didn't take it, we're not going to award them a verdict. I mean, that's the story that is spun out from this account. With all due respect, that's not our position. The fact of the matter is, this is all speculation. It's multiple layers of hearsay, as Your Honors pointed out before. What I'm saying is that this particular case on which they rely, even in those circumstances, even if it were to be true, common sense, common sense tells you that if the jury, I mean, it would be foolish for a defendant, for me as a trial lawyer, to attempt to tell, let's tell the jury about the settlement. Put aside that issue. If the employer of the juror had come forward with an affidavit saying that they had been exposed to the settlement agreement, would that meet the 60B standard? No, sir. Why not? Because 60B has to be taken in the totality of the circumstances. 60B is just not getting the substance, an assertion. I think 60B has to be looked in the timeliness, in the substance. I'm sorry. Put aside timeliness. Just as far as the threshold. You said there was not enough of a threshold evidentiary showing made. Putting aside time. I just want to focus on that issue. If the employer of the juror had come forward with the information, would you say that was enough? No. I would say no. So if the juror came forward, would that be enough? Only if the juror. Only if the juror. That's the only way it could ever happen? Only if a juror. Is that what the cases say? Cases require a juror to come forward for juror misconduct in order for a 60B showing to be met? The cases are very scant and few and far between about this particular issue with regards to settlement offers. But in every case where a hearing has been granted, what we find is that the hearing or the assertion is either being made by someone with immediate first knowledge and it's done. That's why I said the employer of the juror. Yeah. But during the course of the trial or shortly thereafter. Because I don't think. This is an extraordinary relief that's being requested here. And I and the rule has all of these requirements as this Court has. So you think the timeliness of when the information about the juror misconduct arises is relevant to the threshold question independent of the timeliness of when they file the Rule 60B motion? Yes, sir. Yes, sir. And here what? It was a one-year gap from trial to when this information surfaced? We believe it's 14 months. 14 months from. And that's what Judge Helpe found. And then here's the other thing, if I may. They made it. This is so extraordinary and so important to them. You don't need local counsel to pen a letter to Judge Helpe and say, hey, look, this is what happened. We were never notified. We were caught by surprise. And every day that goes by, I think any reasonable and rational person would find that that's detrimental to the defendant. Why? As time goes by, memories fade. Witnesses become unavailable. I mean, this was a massive, massive undertaking. I was the trial counsel below. And then for all of this to come out of this. Just a little bit of an oddity in your two arguments as you put them together, because you were suggesting that the threshold for making a 60B motion that would survive your standard would require them to have gotten more information than they received when they got the information. So if they were just doing what you said they should do before they filed that 60B motion, presumably they should have done some investigation to try and get somebody with more first-hand knowledge. What I'm saying... So they did that investigation. After a certain amount of time of doing it, they decide, you know what, we're not getting anywhere. Let's just file with what we've got. Then you say, well, now you're untimely. You should have filed the weaker filing earlier. No, no. I'm not suggesting the filing, but at least the court should have been notified. And we can't deny it. We can't... What would the significance of that be for the 60B? Well, I think that at least the parties would have been, would have had notice of what is going on. The judge would have had notice. And with regard to the actions of the other trial counsel, I mean, I haven't seen anything that he's been removed or withdrawn other than the letter that counsel says which matters to the horse and the record. I've never seen that. But the fact of the matter is that every day that goes by prejudices us. And what about the finality of judgment? This is a case. This is a case where the finality of judgment should take precedent and be given more weight given the time that elapsed, the amount of information that was provided. This is obviously very important to me. You invoke finality of judgments. We've heard about the need to protect jurors from these kinds of post-judgment inquiries. We've also heard about the importance of the integrity of the work of the jurors. If the district court had allowed the phased inquiry that the appellants here proposed, how would any of those interests, finality of judgments, the integrity of the jury's work, the interest of the jurors, how would any of those have been compromised by allowing the limited inquiry that the appellants proposed? Because once you open the door, once you crack that door, it's not just limited inquiry of these individuals. You're going to ultimately expose the jury. And even if you were to talk to the jury... Well, maybe if the door had been cracked open and an evidentiary hearing was held, there might have been cause to probe further. Yeah, sure. That's a possibility. But the other possibility is the judge could have concluded that there was no basis to go further. But here, the judge refused to consider that possibility at all by refusing to hold an evidentiary hearing, a limited evidentiary hearing that was proposed. If the judge was following not only the fact that it was untimely and that the information was provided was insufficient, but the judge was also looking, in our view, at the rulings of the circuit, which says, look, you have to grant the 60B or 60B of reliefs, sparing them. And this did not meet that standard. And by the way, they also failed to tell the court and failed to meet the remaining standards, not the least of which is, why, if we go forward, if we go forward and, in fact, they get what they want, which is a new trial, why there would be a different result? The allegations here do not affect the substantive evidence. And that's why the decisions rendered in this situation say you have to have an evidentiary foundation and you have to have egregious circumstances enough. And in our view, the further away you move from the entry of judgment, the more weight, finality of judgment, has to be given, that policy. Otherwise, no verdict. You allow, we respectfully submit that this will open the door if a hearing is even a limited one, you will expose every verdict in the future because we don't know. Someone could say, well, so-and-so heard, so-and-so say that the juror knew this. If you could get enough to get someone dependent affidavit and run to court and then cite this case, then what's to stop them from, and this court and the lower courts from engaging in this, in a sense, intrusive inquiry? Thank you. Thank you very much, Robert. Mr. Agnew, I think you have to sit down and wait for the other party. Oh, I'm very sorry. Good morning, Your Honors. May it please the Court. My name is Tim Goetz and I represent Apelli Robinson Helicopter Company. Just to expand just a bit on what Mr. Martinez was saying, I would just like to read from the court order, something that the court particularly took note of and I think it's important. And this, again, is the court that has first-hand knowledge of what went on in trial. The court that, it's an abusive discretion standard. This court was actively engaged in the trial and the court stated, That really is irrelevant, isn't it? Because all of this, it happened. It was behind the scenes and nobody knew what was happening. Well, I think it is somewhat relevant, Your Honor, given the fact that it is an abusive discretion standard and I think it... That part is not what I'm referring my comments to. Okay. I guess my only point there is that this judge was in a unique position to know whether appellant's justification for seeking extraordinary relief was worth investigating jury deliberations. And the court, in fact, indicated, and I quote, The court would be potentially required in any civil case to grant an evidentiary hearing following a jury verdict based on mere rumors regardless of how much time had elapsed since judgment and Rule 60B is not satisfied that easily. And I'd just like to make three quick points. Number one, appellant's motion was untimely under both Rule 60B-3 which has a strict one-year limitation period for purported misconduct. The court actually generously applied Rule 60B-6 which is the catch-all provision although the court also indicated that you cannot use that catch-all provision to escape the time constraints of Rule 60-6-1 which is the one-year limitation. But B-3 you said was misconduct. It's not juror misconduct. Well, I think they've alleged more than juror misconduct. No, no, no. B-3 covers misconduct by an opposing party. Which I think has been alleged. But I guess they're saying it doesn't matter how the jury got that information. That's what made B-6 more operative, right? B-6 is what the judge actually analyzed it under. We believe that he could have analyzed it under B-3. However, I would agree. The judge did, I think, analyze it more generously under B-6. And even under B-6 I think it raises a bit more of a higher standard under B-6 given that it is kind of a catch-all provision that says any other reason. So And it's untimely under B-6 because? Because the evidence was insufficient. No, no. It's untimely under B-6 because? You said it was untimely under B-6. Untimely under B-6 I understand why it's untimely under B-3 because it's Right. But why is it untimely under B-6? Under B-6 there's a reasonableness standard. And why was it unreasonably late in the filing? It was unreasonably late in the filing A, because it was months after they found out about this information that they they didn't notify any of the defendants they didn't notify the court they didn't notify any anyone So I believe as the more time goes by I understand but both you and the prior counsel are suggesting that somehow filing notice to the court is relevant to the timeliness of the Rule 60 filing. Is there any precedent for that? Certainly if they give us notice I believe the more time that goes on again I agree with Mr. Martinez every day that goes by we are prejudiced and again real quickly my points were the untimeliness but I think I should get to maybe my third point to address Your Honor in that there's a requirement they have the burden to show that the defendants wouldn't be prejudiced by us and the more time goes by every day we are more and more prejudiced in this case Mr. Martinez is client Why is that you're just relying on memory dimming is that the rationale for every day? Memory dimming Mr. Martinez is client Caribbean Aviation Maintenance action went bankrupt witnesses scattered they no longer had an employer the more time that went by people were going different places even during the trial already we had people that we had to hunt down that were over in the mainland U.S. and it was difficult and the more the time goes by I believe we had something close to 40 witnesses I understand this is the basic point but I guess I'm trying to figure out what standard for timeliness are you contemplating is it immediate they have to do it within a week may I continue go ahead I mean it's a reasonable standard and I would argue certainly that they should do it as soon as they know about it I mean a week certainly I would not argue within days I mean they contacted their own council within days supposedly which I think would have been appropriate that we should have known within days certainly within a week not months later so I guess that's the point that I was trying to make that for every day that goes by we are more and more prejudiced so the timeliness is important and I guess that was primarily where I was going with that thank you thank you your honors thank you Dr. Salgater I will limit my comments to the issues raised by my colleagues by my brother counsel in the order in which they were raised the the allegation is that the court's order indicated that there was an unreasonable time this is specifically what Judge Gelphi wrote seeking relief 18 months after final judgment pushes against reasonableness first of all the number of 18 months is completely wrong second this case has repeatedly stated including in the case of Cotto vs. U.S. Judge Celia in determining a motion under rule 60b-6 says that the issue of reasonableness depends on the circumstances of every single place case and that there is in fact no iron clad rule in fact the famous quote from and in this case what Judge Gelphi has done for whatever reason is he went back 18 months to the date of the original jury verdict and used that as a guiding point to begin the clock my position is that's not when the clock should begin to run on a 12b-6 motion the time clock runs here when the information came to light and we did everything reasonable under the circumstances that we can do to bring this matter to the attention of the court. But other counsel suggest that I write a letter to the judge. I think the three of you might agree that had I done that they'd move against me and say the would you agree that possible prejudice to a defendant in a case like this is relevant to the determination under 60b-6? I agree that the principles of prejudice to both parties is relevant to the determination. So it can't just be when you get the information that's a relevant time frame. I mean by that logic if it only comes to you two or three years out any concerns for the prejudice to the defendant still doesn't matter. And that can't be right. And I understand that Your Honor. However, if you read the appellee's briefs in this case the allegations of prejudice are based on pure speculation and hearsay. There were no affidavits presented by them as part of any motion drafted. There's a certain irony in you making an argument about pure speculation based on affidavits when your 60B motion depends on that. No, no. What I'm talking about affidavits by the lawyers about witnesses that they no longer control because they had control over their ability to communicate. I see. That's the difference. That's a real difference. I didn't have that opportunity. So yes, the courts have said that there's a balancing of the prejudice. But when you take the constitutional rights of a civil litigant to an impartial jury versus a brief inquiry to find out if jury misconduct actually occurred, I think that must yield. The finality of judgment principles must yield to the constitutional rights of our litigants. And I think that this court needs to address that issue, present it in a way that we as trial lawyers will seek some guidance and know what to do with these circumstances, not just write letters to the court unless you think that's appropriate. We'll be happy to do that. But my understanding of the ethical obligations went far beyond that. I needed to present some reasonable evidence that misconduct occurred. To address one of the most important    when I was talking to the court officers was the one that got this information. Let's assume  court clerk, a stenographer, a judicial law clerk. Are we going to discredit that simply because it came from another source? Or My question to you, and I still don't quite have an answer to it, suppose it was from the friend of the employer of the law clerk. Is that enough? I still, enough for the initial inquiry. If the source is coming from an attorney and this has been reported to the attorney, number one, we have an ethical obligation to bring it to the court's attention. The question then becomes is what's the court's obligation to fashion the proper inquiry under those circumstances? And I submit to this court that submitting a letter without conducting some kind of an investigation is certainly not enough. And there is no detailed reasonness to this opinion. In fact, even on the second basis of his opinion, where Judge Gelpie wrote, the plaintiffs present to the court only hearsay evidence of the supposed tainted jury deliberations. These materials are insufficient to  plaintiffs' claims beyond the daunting threshold required by Rule 60B. And he cites the Naran. The Naran case doesn't say there's a daunting threshold. The Naran case says exactly the opposite. It says there's a very low threshold. So I respectfully disagree with Judge Gelpie's opinion. He got the timing wrong and he got the law wrong. And I ask that this court remand it back to Judge  conduct the appropriate hearing, and justice may be served. Thank you,